933 F.2d 1002
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Gregory WRIGHT, Defendant-Appellant.
 No. 90-5349.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1991.
Decided May 21, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-89-113-R)
 John Holliday Kennett, Jr., Roanoke, Va., for appellant.
 Thomas Jack Bondurant, Jr., Assistant United States Attorney, Roanoke, Va. (Argued), for appellee; E. Montgomery Tucker, United States Attorney, Roanoke, Va., on brief.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation, and CLYDE H. HAMILTON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert G. Wright appeals his convictions for conspiracy to distribute five (5) or more kilograms of cocaine, 21 U.S.C. Sec. 846 (Count 1), possession of a firearm by a convicted felon, 18 U.S.C. Sec. 922(g) (Count 9), and perjury, 18 U.S.C. Sec. 1623 (Count 10), alleging prosecutorial misconduct in misuse of the grand jury to obtain unfair discovery advantages and to deprive defendant of his constitutional rights of assistance of counsel and due process. Finding no error, we affirm.
 
 I.
 
 2
 Following Wright's arrest and subsequent indictment on August 18, 1989, the government developed information that purportedly implicated Wright, Richard L. Jones (a cooperating witness), and Wright's attorney in a money laundering scheme involving real estate transactions. As part of the money laundering investigation, Wright's attorney and two other persons were subpoenaed to appear before the September 1989 grand jury. The district court, which had authorized the subpoena for Wright's attorney, denied the motion to quash the subpoena. Wright's attorney was the only person to testify before the September 1989 grand jury; the other two persons subpoenaed exercised their Fifth Amendment privileges. No additional charges resulted and none of the evidence gathered at the September 1989 grand jury proceeding was used at Wright's trial.
 
 
 3
 On October 18, 1989, an in camera hearing was held to advise Wright of the ongoing money laundering investigation and the possibility that his attorney might be an adverse witness against him. Wright waived any possible conflict and elected to have his defense counsel continue to represent him.
 
 
 4
 At the trial, December 6-7, 1989, Wright's counsel moved to suppress the testimony of Richard L. Jones, the government's cooperating witness, on the basis of the government's alleged misuse of the grand jury by continuing the investigation after indictment. The district court, while expressing its general displeasure with defense counsel being subpoenaed to testify before the grand jury, denied the motion on a finding of no sixth amendment violation.
 
 II.
 
 5
 On appeal Wright argues misuse of the grand jury by (1) continuing the grand jury investigation after indictment; (2) subpoenaing of defense counsel to appear before the grand jury; and (3) general harassment of defense counsel by the government, with the resulting chilling effect on defendant's sixth amendment right to assistance of counsel. On the record in this case, Wright's counsel candidly admits that there was in fact no misuse-as opposed to alleged attempted misuse--of the grand jury and no evidence of any resulting prejudice to the defendant.
 
 
 6
 Finding neither impropriety on the record before us nor any prejudice to the defendant, on the reasoning of the district court we affirm (1) its refusal to quash the grand jury subpoena for defendant's counsel; (2) its finding of no misuse of the grand jury; and (3) its finding that defendant has suffered no sixth amendment violation of denial of assistance of counsel. Accordingly, the convictions of the defendant are affirmed.
 
 
 7
 AFFIRMED.